FILED
OCT 9 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Douglas Emanuel Foreman, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 09-1630 (UNA) |
| ) | |
| Brent W. Hunter et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

The plaintiff has filed a *pro se* complaint and an application to proceed *in forma pauperis*. The Court will grant the application to proceed *in forma pauperis* and dismiss the complaint.

Plaintiff Douglas Emanuel Foreman is a prisoner currently incarcerated under federal sentence imposed by the United States District Court for the Eastern District of Virginia. *See* electronic docket, *USA v. Foreman,* Criminal Action No. 01-90 (E.D. Va. Dec. 20, 2001). The complaint names as defendants law enforcement officials involved in his arrest and prosecution, as well as the plaintiff's own court-appointed defense counsel. The complaint conclusorily alleges wrongful imprisonment and kidnapping, procurement of false testimony, and interference with the plaintiff's enjoyment of his constitutional rights. It also makes repeated reference to sections of Title 18 of the U.S. Code. For relief, the complaint seeks immediate release from custody, as well as compensatory and punitive damages in an unspecified amount.

To the extent plaintiff seeks immediate release from custody, the proceedings must be considered as a petition for habeas corpus. Because his request for immediate release is based on

alleged violations of his rights occurring in the course of his prosecution and sentencing, this matter presents a collateral attack on the plaintiff's conviction and sentence, which must be presented to the sentencing court in a motion under 28 U.S.C. § 2255, which states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255] shall not be entertained if it appears that the applicant has failed to apply for [§ 2255] relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255. *See Taylor v. United States Board of Parole,* 194 F.2d 882, 883 (D.C. Cir. 1952) (attack on the constitutionality of the statute under which defendant was convicted and sentenced is properly pursued by motion under 28 U.S.C. § 2255); *Ojo v. Immigration & Naturalization Service,* 106 F.3d 680, 683 (5th Cir. 1997) (the sentencing court is the only court with jurisdiction to hear defendant's complaint regarding errors that occurred before or during sentencing). The Court takes judicial notice that plaintiff has been denied relief on a motion under § 2255 to vacate his sentence, *see* electronic docket, *USA v. Foreman,* Criminal Action No. 01-90 (E.D. Va. Sept. 7, 2005), and has been denied authorization to file a successive motion, *see id.* (Oct. 25, 2007). The plaintiff has not presented any evidence to demonstrate, and the court does not discern any grounds for concluding, that a remedy under § 2255 is inadequate or ineffective. Therefore, this court lacks jurisdiction to entertain the request for immediate release from federal custody, and the request for release will be dismissed for lack of subject matter jurisdiction.

To the extent the plaintiff seeks money damages for conduct that would imply that his conviction is not valid, he is barred from bringing such a suit unless he can demonstrate that his

conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey,* 512 U.S. 577, 487 (1994). The plaintiff has made no showing that his conviction and sentence have been invalidated by a court. Accordingly, the claims for damages will be dismissed for failure to state a claim upon which relief may be granted.

A separate order accompanies this memorandum opinion.

Date: 10/15/09

_____
United States District Judge